**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

HAROLD E. BENNETT
ADC #121446                                                                                                PLAINTIFF

V.                                              2:06CV00018-WRW/JTR

JOHN DOES, the Unknown Members
of the Arkansas Board of Correction, et al.                                              DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at the Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his procedural due process rights when they denied him parole in October of 2005. *See* docket entry #1.

On June 16, 2006, Defendants filed a Motion to Dismiss, along with a Supporting Brief, arguing that this case should be dismissed because Plaintiff failed to state a viable § 1983 claim against them. *See* docket entries #21 and #22. On June 30, 2006, the Court entered an Order giving Plaintiff thirty days to file a Response to Defendants' Motion to Dismiss. *See* docket entry #23. Importantly, the Court advised Plaintiff that the failure to timely and properly do so would result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).[1]  *Id.* As of the date

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.</u> Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

of this Order, Plaintiff has failed to comply with the Court's June 30, 2006 Order, and the time for doing so has expired.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's June 30, 2006 Order.

2. Defendants' Motion to Dismiss (docket entry #21) is DISMISSED, AS MOOT.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 14th day of August, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE